UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

ANTHONY ADAMS,

       Petitioner,

  -v-                                              16-CV-598-FPG
                                                            DECISION AND ORDER
DIVISION OF PAROLE, Department of
Corrections,

       Respondent.
───────────────────────────────

*Pro se* Petitioner Anthony Adams, an inmate of the Five Points Correctional Facility, seeks relief pursuant to 28 U.S.C. § 2254 and alleges that he is being unconstitutionally held after a parole violation, as set forth more precisely in his Petition. ECF No. 1. The Court previously ordered Petitioner to show cause why this Petition should not be dismissed for failure to exhaust his state remedies. ECF No. 2. Petitioner has now filed an "Opposition to why to proceed with the Petition" (ECF No. 3) and a letter with attachments showing his attempts to file a grievance for an alleged assault (ECF No. 4). For the reasons stated below, the Petition must be dismissed without prejudice.

28 U.S.C. § 2254 requires a petitioner for habeas corpus relief to first exhaust his state court remedies. A petitioner may exhaust his state court remedies by pursuing his claims throughout a full round of state post-conviction proceedings. In this case, Petitioner recites that he was found to have violated the terms of his parole on March 10, 2016 and that he has not filed any state action challenging his detention. Petitioner states "I was told to file a habeas corpus. I was told if I filed an appeal. I would of done all the time by the time I got a reply back." ECF No. 1 at 5. The Petition further notes that Petitioner was "told to file a habeas corpus to get

quicker results…" ECF No. 1 at 7.  Whatever advice Petitioner may have received – or even if Petitioner was being advised to file an action in state court – that advice does not serve as a substitute for the exhaustion requirement.

**Petitioner's Exhaustion Response**

Petitioner was directed to file an affirmation or affidavit pursuant to the Court's prior Order to show why this Petition should not be dismissed for his failure to exhaust state court remedies.  Petitioner initially filed a two page typewritten explanation and a one page handwritten letter to the Court explaining that he was injured on March 24, 2016, and has been denied grievance forms.  ECF No. 3 at 1.  Petitioner states that he has been transferred to a new facility and his ability to write a grievance was further delayed because his belongings were packed up when he was moved.  ECF No. 3 at 2.

Petitioner also stated that he is attempting to copy "letters of authenticity" to verify the difficulties he has had filing his grievances.  ECF No. 3 at 3.  Petitioner has now filed these documents, which relate to Petitioner's attempts to file a grievance concerning an incident in which his collar bone was broken.  *See* ECF No. 4.  However, his alleged injuries are unrelated to this action, and are unrelated to his failure to exhaust state court remedies.

28 U.S.C. § 2254(b)(1)(A) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state."  A habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Typically, this means that federal habeas claims must have been included in both the petitioner's appeal to the state's intermediate appellate court and in an

application for permission to appeal to the state's highest court. *O'Sullivan*, 526 U.S. at 848. Here, Petitioner has stated that did not make an application to any state authority of any kind because these proceedings are, in his view, too slow.

In his Response and subsequent documents, Petitioner explains the delay in filing other extraneous, papers, but his initial statement that he has not yet begun the process of exhausting his state remedies remains uncontradicted. The Court will therefore remind Petitioner that he is required to complete that state court exhaustion process before he can bring a habeas petition in federal court.

The Petition itself makes it clear that it was filed prior to the exhaustion of Petitioner's state remedies as a result of his conscious decision to pursue relief under 28 U.S.C. § 2254 instead of pursuing state remedies, in the mistaken belief that this was the quicker legal route to release. Petitioner's Response confirms this and, under the habeas statute, exhaustion is a jurisdictional requirement. The Petition is therefore dismissed for failure to exhaust state remedies.

This dismissal does not constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another Petition once Petitioner has exhausted his state remedies.

Petitioner has again alleged misconduct by prison officials and made various allegations, including assault, concerning mistreatment by corrections officers. Petitioner indicates that he has since been moved to a different facility. In its prior Order, the Court directed the Clerk of Court to send forms to Petitioner to permit him to raise such claims in a complaint under 42 U.S.C. § 1983. The Clerk of Court will once again be directed to send to Petitioner with this Order a blank § 1983 complaint form, and the instructions for preparing a complaint. Petitioner,

who has shown no difficulty in filing papers with this Court, is advised that 42 U.S.C. § 1983, not 28 U.S.C. § 2254, is the proper way to seek redress of any constitutional violations he may have suffered while in prison.

## **ORDER**

IT IS HEREBY ORDERED, that the Petition is DISMISSED WITHOUT PREJUDICE to filing a new petition once Petitioner's state remedies are exhausted;

FURTHER, that the Clerk of Court is directed to send to Petitioner with this Order a blank § 1983 complaint form, and the instructions for preparing a complaint;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DATED: July 6, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court